UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KELLY ANN McKENZIE,

                Plaintiff,                                **MEMORANDUM & ORDER**

     -against-                                           23-CV-4557 (NRM) (LB)

T-MOBILE,

                Defendant.
------------------------------------------------------------------X
NINA R. MORRISON, United States District Judge:

      Plaintiff Kelly Ann McKenzie ("Plaintiff"), proceeding *pro se*, commenced this civil action on June 14, 2023. ECF No. 1. Her request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, ECF No. 2, is granted for the limited purpose of this Order. However, for the reasons set forth below, the Complaint is dismissed for lack of jurisdiction.

**I.   Background**

      The complaint is filed on a form complaint for civil actions. ECF No. 1. In the space to provide a basis for the federal courts' jurisdiction, Plaintiff checks the box for Federal Question and describes her claim as "consumer fraud." *Id.* at 4. Plaintiff asserts that Plaintiff and Defendant T-Mobile ("Defendant"), are citizens of New York State. *Id.* at 4-5. Plaintiff claims that she telephoned a T-Mobile store at 147-05 Jamaica Avenue and was told that an LG Stylo 6 phone was priced at $180. *Id.* at 7. When she arrived at the store, the representative told her that she had made a mistake and the phone was actually $280. *Id.* at 8. Plaintiff alleges that the representative asked her if she would like a phone that cost less, implying that Plaintiff was poor, which embarrassed Plaintiff. *Id.*

Plaintiff states that she "is bi-polar" and that this experience caused her emotional and psychological trauma. *Id.* at 8-9. She seeks $1 million in damages. *Id.* at 5-6.

## II. Standard of Review

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not required, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). At the same time, federal courts give special consideration to *pro se* plaintiffs. *In re Sims*, 534 F.3d 117, 133 (2d Cir. 2008). When determining the sufficiency of a *pro se* complaint, the Court must look for the strongest arguments that the complaint suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191-93 (2d Cir. 2008). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must give the plaintiff an opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

A district court has the inherent power to dismiss a case *sua sponte* if it determines that the action is frivolous or the court lacks jurisdiction over the matter. *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363-364 (2d

Cir. 2000); Fed. R. Civ. P. 12(h)(3). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000). Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332.

### III. Discussion

In this case, Plaintiff's complaint does not assert any valid basis for this Court's jurisdiction over her claims, as she has neither presented a federal question nor asserted diversity jurisdiction. Plaintiff's claim is for "consumer fraud" related to a misstated price, and she also claims that she suffered emotional or psychological injuries due to her interaction with an employee at one of Defendant's stores. These allegations do not implicate any federal law or right, and therefore cannot serve as the basis for federal question jurisdiction.

These claims could conceivably constitute causes of action under state law, and, although Plaintiff asserts that Defendant is a resident of New York state, ECF No. 1 at 2, the Court's own research reveals that Defendant is in fact incorporated in Delaware[1] and has its principal place of business in Kansas or Washington.[2]

---

[1] *Fifth Amended and Restated Certificate of Incorporation of T-Mobile US, Inc.*, U.S. Sec. and Exch. Comm'n, https://www.sec.gov/Archives/edgar/data/1283699/000119312520093622/d886127dex31.htm (last visited July 20, 2023).

[2] *T-Mobile US, Inc. Form 10-K*, U.S. Sec. and Exch. Comm'n, https://www.sec.gov/ix?doc=/Archives/edgar/data/1283699/000128369923000016/tmus-20221231.htm (last visited July 20, 2023).

Even assuming that complete diversity is present in this case, however, the Court concludes that Plaintiff has not plausibly alleged that she may recover more than the $75,000 amount-in-controversy required to assert diversity jurisdiction under 28 U.S.C. § 1332. Although Plaintiff seeks $1,000,000 in damages, Plaintiff—whose allegations involve one T-Mobile employee informing Plaintiff that the phone she sought was $280, rather than $180 as she was previously told, ECF No. 1 at 7—could not plausibly recover that amount. *Ulmer v. StreetTeam Software, LLC*, 22-cv-5662, 2023 WL 2306020 (E.D.N.Y. Feb. 28, 2023) ("[T]o invoke diversity jurisdiction, a plaintiff must allege facts sufficient to plausibly show an amount in controversy of more than $75,000." (citation and quotation marks omitted)).

Furthermore, Plaintiff asserts that she has suffered emotional distress, but has not pleaded facts sufficient to warrant relief under applicable law. For example, under New York state law, "intentional infliction of emotional distress has four elements: (1) extreme and outrageous conduct, (2) intent to cause severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress." *Bender v. City of New York*, 78 F.3d 787, 790 (2d Cir. 1996). Similarly, to state a claim for negligent infliction of emotional distress, a plaintiff must plead a "breach of a duty owed to [the] plaintiff which exposes him or her to an unreasonable risk of bodily injury or death." *Castanza v. Town of Brookhaven*, 700 F. Supp. 2d 277, 293 (E.D.N.Y. 2010). *See also Calicchio v. Sachem Central Sch. Dist.*, 185 F. Supp. 3d 303, 314 (E.D.N.Y. 2016) ("Extreme and outrageous conduct is also an element of negligent infliction of emotional distress."). Here, Plaintiff has no pled facts sufficient to support a claim under either standard.

For example, the statements that the T-Mobile employee allegedly made to Plaintiff regarding a phone she wished to purchase does not constitute "extreme and outrageous conduct," and Plaintiff has not pleaded that the employee ever "inten[ded] to cause" Plaintiff "severe emotional distress." *Bender*, 78 F.3d at 790. Similarly, the T-Mobile employee never subjected Plaintiff to a risk of bodily injury.

Generally, a court should grant leave to amend at least once. *Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016). However, "leave to amend need not be granted when amendment would be futile." *Id.* In this case, Plaintiff has not suggested any factual allegations, parties to the lawsuit, or legal claims that would bring her disputes with T-Mobile under the jurisdiction of the federal courts. Amendment would thus be futile.

## IV. Conclusion

For the reasons set forth above, the action is dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3). Any potential state law claims are dismissed without prejudice to filing in state court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court shall close this case and enter judgment and mail a copy of this Order to Plaintiff at the address provided and note the mailing on the docket.

SO ORDERED.

                                                                                */s/ NRM*
                                                                                NINA R. MORRISON
                                                                                United States District Judge

Dated:       July 20, 2023
                Brooklyn, New York